Myron Ashley PICKENS, Jr., Appellant,

v.

Virginia Harris PICKENS, Appellee.

No. 05–98–02092–CV.

Court of Appeals of Texas, Dallas.

July 10, 2001.

Jack G. Kennedy, Kennedy Minshew & Campbell, Sherman, for appellant.

John W. Ellis, J. Kermit Hill, Hill, Ellis, Walker, Hill & Shea, Sherman, for appellee.

Before Justices JAMES, FITZGERALD, and DODSON.[1]

1. The Honorable Carlton B. Dodson, Justice, Court of Appeals, Seventh District of Texas at Amarillo, Retired, sitting by assignment.

## OPINION

CARLTON B. DODSON, Justice, (Assigned).

This case involves the divorce between Myron Ashley Pickens, Jr. (Husband) and Virginia Harris Pickens (Wife). In three issues, Husband contends the court erred by awarding spousal maintenance to Wife for an indefinite period without medical evidence of her disability. We affirm the judgment.

## Background

The parties were married in 1974 and separated in 1996. Wife sued for divorce. In the final decree of divorce, the trial court ordered Husband to pay $1500 per month to Wife as spousal maintenance for an indefinite period as long as her disability continued. In findings of fact and conclusions of law, the trial court found that Wife lacked sufficient property to provide for her minimum reasonable needs, and Wife was unable to support herself because of an incapacitating physical disability that appeared to be permanent.

## Standard of Review

We review the award of spousal maintenance under an abuse of discretion standard. *See In re Marriage of Hale,* 975 S.W.2d 694, 697 (Tex.App.—Texarkana 1998, no pet.). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998). Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error; however, they are relevant factors in assessing whether the trial court abused its discretion. *Seidel v. Seidel,* 10 S.W.3d 365, 368 (Tex.App.—Dallas 1999, no pet); *D.R. v. J.A.R.,* 894 S.W.2d 91, 95 (Tex.App.—Fort Worth 1995, writ

denied); *see also Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.—El Paso 1998, no pet.) (appellate court may conduct sufficiency of evidence review to determine whether trial court had sufficient evidence before it upon which to exercise its discretion).

Findings of fact entered in a case tried to a court have the same force and dignity as a jury's verdict upon special issues. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994); *Rapp Collins Worldwide, Inc. v. Mohr,* 982 S.W.2d 478, 481 (Tex.App.—Dallas 1998, no pet.). Therefore, we apply the same standards when reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the evidence supporting a jury's answer to a special issue. *Catalina,* 881 S.W.2d at 297.

When considering a question of no evidence, we consider only evidence and inferences tending to support a finding and must disregard all evidence and inferences to the contrary. *Rodriguez v.. Rodriguez,* 860 S.W.2d 414, 418 (Tex.1993); *Seidel,* 10 S.W.3d at 368. When reviewing the factual sufficiency of evidence, we examine all of the evidence and set aside a finding only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Seidel,* 10 S.W.3d at 368. We do not review the trial court's conclusions of law for factual sufficiency; instead, we evaluate the trial court's legal conclusions independently to determine whether the trial court correctly drew such legal conclusions from the facts. *Id.* A trial court abuses its discretion as to legal matters when it fails to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

## Spousal Maintenance

■ The trial court may exercise its discretion to award spousal maintenance

only if the party seeking maintenance meets specific eligibility requirements. *See* TEX. FAM.CODE ANN. § 8.002 (Vernon Supp.2001). When a divorce is sought in a marriage lasting ten years or more, a spouse is eligible to seek spousal maintenance if the spouse lacks sufficient property to meet minimum reasonable needs and cannot support himself or herself due to (1) an incapacitating physical or mental disability, (2) a child in the home with a disability requiring substantial care and supervision, or (3) the lack of adequate earning ability. *Id.* § 8.002(a)(2). Generally, there is a presumption that maintenance is not warranted unless the spouse has been diligent in seeking suitable employment or is developing skills necessary to become self-supporting. *Id.* § 8.004(a) (Vernon 1998). This presumption does not apply to a spouse unable to seek employment due to an incapacitating physical or mental disability. *Id.* § 8.004(b). The court may only order spousal maintenance for a period longer than three years if the recipient spouse has an incapacitating physical or mental disability. *Id.* § 8.005 (Vernon 1998).

### Incapacitating Physical Disability

■ In his third issue, Husband complains that there is no medical evidence of Wife's disability. Husband also complains that Wife failed to show a reasonable medical probability that her disability is permanent. In support of his arguments, Husband relies on *Harvey v. Culpepper,* 801 S.W.2d 596, 599 (Tex.App.—Corpus Christi 1990, no writ) and *Chevron U.S.A., Inc. v. Lara,* 786 S.W.2d 48, 52 (Tex. App.—El Paso 1990, writ denied). Husband's reliance on these cases is misplaced, however, because they pertain to evidence required to support the award of future medical expenses in negligence litigation.

■ We find no authority directly addressing the quantum of evidence required to prove incapacity in a spousal maintenance action. In oral argument, Husband reasoned that because spousal maintenance is designed to replace earned income, we should consider the evidence required to receive workers' compensation benefits, *see* TEX. LAB.CODE ANN. §§ 408.001–.222 (Vernon 1996 & Supp. 2001) or federal social security disability benefits. *See* 42 U.S.C. § 423 (West Supp. 2000). Under both of these statutes, medical evidence is required to establish an impairment or disability. *See* TEX. LAB. CODE ANN. § 408.122(a); 42 U.S.C. § 423(d). However, for both workers' compensation and federal disability, the requirement of medical evidence is statutory. There is no such statutory requirement found in the spousal maintenance provisions of the family code. If the legislature had intended to restrict eligibility for spousal maintenance by requiring a spouse to present medical evidence to prove his or her disability, it could easily have done so. Every word excluded from a statute is presumed to have been excluded for a purpose. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex. 1981); *Dallas Indep. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 229 (Tex.App.—Dallas 2000, pet. denied) (op. on reh'g). We will not insert additional words or requirements into a statutory provision unless necessary to give effect to the clear legislative intent otherwise expressed. *See Cameron,* 618 S.W.2d at 540.

■ Absent a statutory requirement to the contrary, testimony on incapacity need not be limited to experts; a fact finder may reasonably infer incapacity from circumstantial evidence or the competent testimony of lay witnesses. *See Reina v. Gen. Accident Fire & Life Assur. Corp.,* 611 S.W.2d 415, 417 (Tex.1981) (case

decided under former workers' compensation statute, which did not require medical evidence of disability); *Green v. Tex. Workers' Comp. Ins. Facility,* 993 S.W.2d 839, 844 (Tex.App.—Austin 1999, pet. denied) (same). The question of the extent and duration of incapacity is an issue that can be answered by lay opinion and does not require medical testimony. *See Reina,* 611 S.W.2d at 417; *Green,* 993 S.W.2d at 844. In fact, the testimony of the injured party will support a finding of incapacity even if directly contradicted by expert medical testimony. *Reina,* 611 S.W.2d at 417. Accordingly, we overrule Husband's third issue.

### Sufficiency of the Evidence

■ In his first issue, Husband argues the record contains no evidence to support the trial court's fact finding that Wife suffers from a permanent incapacitating physical disability.

As evidence of her disability, Wife relies on her own testimony, the medical records of two of her doctors, and the narrative report of a rehabilitation consultant. Wife's medical records do not establish an incapacitating disability, but they corroborate Wife's testimony concerning her medical problems. The records show that Wife had a bilateral mastectomy in 1987 to remove ruptured silicone implants; she has had subsequent surgeries to remove recurrent silicone granulomas on the chest wall; she will likely require further surgical procedures for this problem; and she was diagnosed with chronic hepatitis C, a liver condition, in 1993.

Wife testified concerning her work experience and medical condition. Wife testi-

fied that she is unable to work because she fatigues easily, she is taking the anti-anxiety medication Prozac, and she suffers from irritable bowel syndrome, breast and liver pain, rheumatoid arthritis, depression, and glaucoma. She further testified that she had been bedridden for seventy-five percent of the time during the four months preceding the trial, had lost weight and had gone down to eighty-eight pounds, and was unable to maintain her health and weight sufficiently to allow her to undergo surgeries that had been scheduled for her.

■ The narrative report of Wife's rehabilitation consultant, Dillon Snowden, was admitted into evidence without objection.[2] In the report, Snowden opined, based on her review of the records and conversations with Wife and Wife's doctors, that Wife has medical and physical restrictions that limit her ability to perform competitive employment. Snowden provided a detailed description of Wife's restrictions and limitations. Snowden also opined that Wife is disabled from working in a full-time capacity in any occupation and that she will be unable to support herself through employment on an indefinite basis.

We conclude that Wife presented probative evidence to support the court's finding that Wife has an incapacitating permanent physical disability. Although Husband points to evidence that contravenes a finding of Wife's disability, the trial court's fact finding of an incapacitating permanent physical disability is not so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. Thus, the trial court did not abuse its discretion by awarding spousal mainte-

---

2. On appeal, Husband challenges Snowden's narrative report, arguing that it contains hearsay. Inadmissible hearsay admitted without objection is not denied probative value merely because it is hearsay. Tex.R.Evid.

802. Husband waived his objection to the admission of Snowden's report by not asserting his objection at trial. *See Campbell v. Salazar,* 960 S.W.2d 719, 723 n. 1 (Tex.App.— El Paso 1997, pet. denied).

**217**

nance. Consequently, we overrule Husband's first issue.

■ In his second issue, Husband contends the court erred by awarding spousal maintenance for an indefinite time. The family code authorizes the court, upon a finding that the spouse is unable to support herself through appropriate employment because of an incapacitating physical or mental disability, to order spousal maintenance for an indefinite period for as long as the disability continues. TEX. FAM.CODE ANN. § 8.005. The decree of divorce in this case provides that, on the request of either party or on the court's own motion, the court may order periodic review of the maintenance order to determine whether Wife's disability is continuing. Furthermore, the continuation of spousal maintenance is subject to a motion to modify upon a material change in circumstances of either party affected by the maintenance order. *See id.; see also id.* § 8.008 (Vernon 1998).

Under this issue, Husband reiterates assertions from his first and third issues. Having determined that neither medical evidence of disability nor a prognosis based upon medical probability is required and having determined that there is sufficient evidence to support the trial court's findings concerning Wife's disability, we conclude that the court did not abuse its discretion in awarding spousal maintenance for an indefinite period for as long as Wife's disability continues. Accordingly, we overrule Husband's second issue.

We affirm the trial court's judgment.