Opinion issued April 14, 2005







 





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00988-CV




SHERRY M. DUNN, Appellant

V.

HERSHEY DUNN, Appellee




On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2001-25978




O P I N I O N
          Appellant, Sherry M. Dunn, appeals from the trial court’s order terminating
spousal maintenance from appellee, Hershey Dunn. In three issues, appellant
contends that the trial court erred by terminating spousal maintenance because (1) the
trial court’s findings of fact and conclusions of law are not supported by legal or
factually sufficient evidence, (2) the evidence supported the continuation of spousal
maintenance, and (3) the presentation of expert testimony, an inventory and financial
information sheet are not statutory or evidentiary prerequisites to the continuance of
spousal maintenance. We affirm.
Background
          Sherry and Hershey were married, divorced, reconciled, and remarried on June 
4, 1989. Their union produced three children who were adults when the couple
divorced in 2002, 12 years into their second marriage. The community property
acquired during their second marriage was divided by agreement. The couple
disputed, however, the issue of spousal maintenance under Chapter 8 of the Family
Code, which Sherry had requested in her counter-petition for divorce. 
          At an evidentiary hearing before an associate judge


 concerning the issue of
spousal maintenance, Sherry produced medical documents and testimonial evidence
that she was disabled and unable to be employed, but Hershey disputed those
assertions. The associate judge stated on the record that Sherry was entitled to
spousal maintenance at the rate of $890 per month for a period of six months, but that
“pursuant to section 8.054(b) of the Texas Family Code” the Court would review that
maintenance order “to see if it needs to be modified in any way.” On February 26,
2002, the trial court entered a final decree of divorce that included the spousal
maintenance under the terms described by the associate judge.
          The trial court conducted three separate review hearings on September 26,
2002, February 28, 2003, and May 22, 2003, and extended the spousal-maintenance
order at the conclusion of each hearing. At the May 22, 2003 review hearing, at
which the trial court ordered that the spousal maintenance continue through the
payment due September 1, 2003, however, the trial court stated, “The Court is
directing that the payee provide expert testimony and [a] financial information
statement and an inventory in connection with the September 4th [2003] hearing as
a condition precedent to the Court considering any further continuation of the
maintenance at that time.” The court also stated that it had made a docket entry
stating that “expert testimony, FIS and inventory by payee to be submitted as
prerequisite to continue maintenance.” 
          On September 4, 2003, Sherry’s attorney orally requested a continuance to
subpoena Sherry’s medical doctors, and Hershey’s attorney objected to the
continuance. The trial court inquired whether Sherry had a “Financial Information
Statement and an Inventory” to submit to the court. Sherry’s attorney responded that
she did not have the inventory to submit to the court for the hearing, although she
“probably” had it in her office. The trial court denied the motion for continuance and
conducted the hearing on whether to continue the court-ordered spousal maintenance. 
Sherry’s attorney represented to the court that “nothing has changed” with respect to
Sherry’s financial and medical condition since the trial court had initially ordered the
spousal maintenance. The court ordered the maintenance discontinued, finding that
“the payee has not complied with the Court’s directives of May 22, 2003.” When
Sherry’s attorney requested an explanation, the trial court responded, “It’s being
terminated because the Court gave specific instructions about information the Court
wanted presented today at this reset hearing, and that information is not available to
the Court.” 
          The trial court’s September 4, 2003 order stated as follows:
Pursuant to the order included in the final decree of divorce, this cause
came on for hearing to determine whether the maintenance order should
be continued. The Court, having considered the pleadings, the prior
orders and directions of the Court, and arguments of counsel is of the
opinion that the maintenance order and any withholding order should be
terminated and discontinued, effective September 30, 2003.
 
On September 28, 2003, the trial court entered findings of fact and conclusions of
law.
          Sherry filed a motion for new trial, and the trial court held a hearing. Sherry
testified that after the trial court discontinued the spousal maintenance, she learned
from a doctor that she would be needing another surgery to her neck and lower back. 
Sherry also presented evidence from Dr. Thomas Diaz, who described Sherry’s
diagnosis as “chronic degenerative joint disease of the lumbar spine and cervical
spine.” On November 11, 2003, the trial court denied Sherry’s motion for new trial
and continuance. 
Spousal Maintenance
          In her second and third issues, Sherry contends that the evidence is legally and 
factually insufficient because the evidence supported the continuation of spousal
maintenance, and the trial court’s findings of fact and conclusions of law are not
supported by the evidence. We review these issues together. 
          We review the award of spousal maintenance under an abuse of discretion
standard. Pickens v. Pickens, 62 S.W.3d 212, 214 (Tex. App.—Dallas 2001, pet.
denied). A trial court abuses its discretion when it rules arbitrarily, unreasonably,
without regard to guiding legal principles, or without supporting evidence. See
Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); Pickens, 62 S.W.3d at 214. 
Under the abuse of discretion standard, legal and factual sufficiency of the evidence
are not independent grounds for asserting error, but they are relevant factors in
assessing whether the trial court abused its discretion. Pickens, 62 S.W.3d at 214; see
also Lindsey v. Lindsey, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.)
(stating that appellate court may conduct sufficiency of evidence review to determine
whether trial court had sufficient evidence before it upon which to exercise its
discretion).
          We apply the same standards when reviewing the legal and factual sufficiency
of the evidence supporting the trial court’s fact findings as we do when reviewing the
evidence supporting a jury’s answer to a special issue. Ortiz v. Jones, 917 S.W.2d
770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). 
Because we have a complete reporter’s record before us, the trial court’s findings of
fact are not conclusive as to our review. See Swanson v. Swanson, 228 S.W.2d 156,
158 (Tex. 1950); Mohnke v. Greenwood, 915 S.W.2d 585, 589 (Tex. App.—Houston
[14th Dist.] 1996, no writ). 
          When a party attacks the legal sufficiency of an adverse finding on an issue on
which it has the burden of proof,


 the party must demonstrate on appeal “that the
evidence establishes, as a matter of law, all vital facts in support of the issue.” Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). A matter-of-law challenge
requires us first to examine the record for evidence that supports the finding, while
ignoring all evidence to the contrary. Id. If, but only if, no evidence supports the
finding we will then examine the entire record to determine if the contrary proposition
is established as a matter of law. Id. We will sustain the matter-of-law challenge
only if the contrary proposition is conclusively established. Id. When reviewing the
factual sufficiency of evidence, we examine all of the evidence and set aside a finding
only if it is so against the great weight and preponderance of the evidence that it is
clearly wrong and unjust. See Seidel v. Seidel, 10 S.W.3d 365, 368 (Tex.
App.—Dallas 1999, no pet.). 
          In determining whether a spouse with an incapacitating physical or mental
disability should continue to receive spousal maintenance, the Family Code provides
as follows:
(b) If a spouse seeking maintenance is unable to support himself
or herself through appropriate employment because of an incapacitating
physical or mental disability, the court may order maintenance for an
indefinite period for as long as the disability continues. The court may
order periodic review of its order, on the request of either party or on its
own motion, to determine whether the disability is continuing. The
continuation of spousal maintenance under these circumstances is
subject to a motion to modify as provided by Section 8.057.

Tex. Fam. Code Ann. § 8.054(b) (Vernon Supp. 2004-2005) (emphasis added).
          At the September 4, 2003 hearing, Sherry’s attorney represented to the trial
court that “nothing” had changed with respect to Sherry’s financial and medical
conditions, but did not present any evidence to the trial court concerning whether
Sherry’s disability was continuing. See Potter v. GMP, L.L.C, 141 S.W.3d 698, 704
(Tex. App.—San Antonio 2004, pet. granted, abated; dism’d) (holding arguments of
counsel are not evidence). The trial court’s findings of fact and conclusions of law
thus correctly state that, “Respondent offered no evidence in support of continuance
of the maintenance order in this case,” and, “The Court finds no evidence to support
the continuance of the maintenance order in this case.” Because Sherry had the
burden of proof at the hearing and did not produce any evidence, we hold that the trial
court did not abuse its discretion by terminating Sherry’s spousal maintenance. We
overrule Sherry’s second and third issues.
Prerequisites to the Continuation of Maintenance
          In her first issue, Sherry contends that the trial court erred by terminating her
spousal maintenance when she failed to present expert testimony, an inventory and
financial information sheet as directed by the trial court. Appellant contends that the
requirements imposed by the trial court, as shown in its findings of fact and
conclusions of law, are not statutory or evidentiary prerequisites to the continuance
of spousal maintenance under section 8.045(b) of the Family Code, and, therefore,
that the trial court abused its discretion by terminating appellant’s spousal
maintenance as a consequence of not producing the evidence required by the trial
court.



 
          Except for fundamental error, which Sherry does not claim, to preserve a
complaint for appellate review, a party must present to the trial court a timely and
specific request, objection, or motion. Tex. R. App. P. 33.1(a); In re B.L.D., 113
S.W.3d 340, 349-350 (Tex. 2003). The record demonstrates that, despite many
opportunities to object to the trial court’s evidentiary requirements, Sherry did not
object at any point. Additionally, Sherry did not object to the trial court’s findings
of fact and conclusions of law.



          We hold that by failing to object to the trial court’s evidentiary requirements
and by failing to object to the trial court’s findings of fact and conclusions of law,
Sherry has waived any error and presents nothing for our review in regard to her first
issue. Tex. R. App. P. 33.1(a); In re B.L.D., 113 S.W.3d at 350; see also In re Kajima
International, Inc., 139 S.W.3d 107, 110 (Tex. App.—Corpus Christi 2004, no pet.)
(stating challenges to trial court’s legal conclusions are waived by not objecting to
order or underlying findings and conclusions); Piro v. Sarofim, No. 01-00-00398-CV,
2002 WL 538741, at *5 (Tex. App.—Houston [1st Dist.] April 11, 2002, no pet.) (not
designated for publication) (holding that no error preserved when lawyer does not
show in record where he objected to trial court’s findings or conclusions); Regan v.
Lee, 879 S.W.2d 133, 136 (Tex. App.—Houston [14th Dist.] 1994, no writ) (holding
that “general rule” requiring preservation of error applies to challenges to conclusions
of law from nonjury trials); Winters v. Arm Refining Co., Inc., 830 S.W.2d 737,
738-39 (Tex. App.—Corpus Christi 1992, writ denied) (same).



 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                            Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.