Alan Toves HIPOLITO, Appellant,

v.

Tracy Jeanne HIPOLITO, Appellee.

No. 05–05–01553–CV.

Court of Appeals of Texas,
Dallas.

Aug. 15, 2006.

Rehearing Overruled Sept. 21, 2006.

Michael A. Barragan, Michael A. Barragan, P.C., Dallas, for appellant.

Roger A. Jacobsen, Legal Aid of Northwest Texas, Dallas, for appellee.

Before Justices MORRIS, O'NEILL, and MAZZANT.

**OPINION**

Opinion by Justice MORRIS.

In this divorce action, Alan Toves Hipolito appeals from the trial court's final divorce decree awarding spousal maintenance to Tracy Jeanne Hipolito. In four interrelated issues, appellant generally as-

serts the trial court erred in awarding appellee spousal maintenance because she did not meet the Texas Family Code's eligibility requirements for such maintenance. Appellant specifically contends that because the parties' marriage was less than ten years in duration, appellee was ineligible for maintenance under section 8.051(2) of the family code. Concluding appellant's issues lack merit, we affirm the trial court's judgment.

The undisputed evidence reveals the parties were married on May 30, 1995. At trial, on July 27, 2005, both parties admitted they were currently married to each other. After the trial, the trial court signed a divorce decree awarding appellee spousal maintenance of $1000 per month for twelve months beginning September 2005 and $800 per month for six months beginning September 1, 2006.

In four issues, appellant generally complains the trial court erred in awarding appellee spousal maintenance because the parties (1) were married less than ten years at the time the petition for divorce was filed and (2) lived together as husband and wife less than ten years.[1] Underlying appellant's arguments is his contention that section 8.051(2) of the family code requires a couple to be married for at least ten years at the time the divorce action is filed or, alternatively, living together as husband and wife for at least ten years before a spouse becomes eligible for maintenance. We do not agree with appellant's contention.

■■■ We will not reverse a trial court's award of spousal maintenance unless it is shown that the trial court abused its discretion in making the award. *See Pickens*

*v. Pickens,* 62 S.W.3d 212, 214 (Tex.App.-Dallas 2001, pet. den'd). A trial court abuses its discretion when it acts arbitrarily, unreasonably, without regard for guiding legal principles, or without supporting evidence. *Id.*

■■■ Section 8.051 of the Texas Family Code sets forth the eligibility requirements for spousal maintenance. Section 8.051(2) permits maintenance if "the duration of the marriage was ten years or longer" and other prerequisites, not at issue here, are satisfied. Tex. Fam.Code Ann. § 8.051(2) (Vernon 2006). When construing a statute, our primary objective is to give effect to the legislature's intent. *Sheshunoff v. Sheshunoff,* 172 S.W.3d 686, 692 (Tex.App.-Austin 2005, pet. denied). To discern that intent, we look first to the plain and common meaning of the statute's words. *Id.* We also consider the statute as a whole rather than focus on isolated portions. *Tex. Dep't. of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex. 2004). We presume every word in a statute is used for a purpose and must be given effect if reasonable and possible. *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex.2000). Likewise, every word excluded from a statute must be presumed to have been excluded for a purpose. *City of Austin v. Quick,* 930 S.W.2d 678, 687 (Tex.App.-Austin 1996), *aff'd,* 7 S.W.3d 109 (Tex.1999).

Appellant urges us to measure the statute's ten-year requirement from the date of marriage to the filing of the divorce petition or, alternatively, to the date the parties ceased living together as husband and wife. Under either of these constructions, the duration of appellant's marriage

---

1. Appellant's specific issues are as follows: (1) appellee was not eligible for spousal maintenance under section 8.051; (2) the parties were married less than ten years at the time the petition for divorce was filed; (3) the parties lived together as husband and wife less than ten years; and (4) the trial court abused its discretion in awarding spousal maintenance. Because the disposition of all of these issues ultimately require us to construe the relevant portion of section 8.051(2), we analyze these issues together.

would be less than required for spousal maintenance under section 8.051(2). The plain language of the statute, however, does not support appellant's construction.

The definition of "duration" in Webster's Dictionary includes "the portion of time during which something exists." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 730 (1993). Consequently, the statute merely requires the marriage to be in existence for ten years or longer before a spouse can be eligible for maintenance. The parties' marriage still existed at the time the petition for divorce was filed and when they stopped living together as man and wife. If the legislature intended to limit eligibility for spousal maintenance to only those who had been married for ten years before the date of filing the petition for divorce or those who had lived together as husband and wife for ten years or longer, it could have easily done so. In fact, the legislature used the filing date of the divorce petition when it conditioned eligibility for spousal maintenance under subsection 8.051(1)(A). Eligibility under that section permits maintenance if the potential payor spouse has a criminal conviction constituting an act of family violence within two years before the date of filing of the divorce. *See* TEX. FAM.CODE ANN. § 8.051(1)(A) (Vernon 2006). We therefore conclude a spouse is eligible for maintenance under section 8.051(2) if the marriage has been in existence for at least ten years. Because there was evidence that the parties had been married at least ten years at the time of the trial, the trial court did not err in awarding appellee spousal maintenance on this basis. We resolve all four of appellant's issues against him.

We affirm the trial court's judgment.