**Opinion issued April 23, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-14-00465-CV**

———————————

**I-10 COLONY, INC., Appellant**

**V.**

**CHAO KUAN LEE, LI YANG LEE, AND LI HSIANG CHANG, Appellees**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-08459**

---

*and*

———————————

**NO. 01-14-00718-CV**

———————————

**I-10 COLONY, INC., Appellant**

**V.**

**CHAO KUAN LEE, LI YANG LEE, AND LI HSIANG CHANG, Appellees**

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-08459**

## MEMORANDUM OPINION

In this opinion, we resolve two interlocutory appeals arising from a lawsuit related to the parties' co-ownership of a hotel property. Chao Kuan Lee, Li Yang Lee, and Li Hsiang Chang (collectively "Lee") sued I-10 Colony, Inc. for partition of the property, fraud, and damages. Both Lee and I-10 requested the appointment of a receiver to manage the sale of the property, although they disagreed about the proper scope of the receiver's authority. The trial court appointed a receiver, and in the first interlocutory appeal, I-10 challenges the order creating the receivership on the basis that the order unconstitutionally confers excessive power on the receiver.

In the second interlocutory appeal, I-10 challenges the trial court's denial of I-10's motion to dismiss Lee's fraud claim pursuant to the Texas Citizens Participation Act (TCPA). Lee's fraud claim was based on allegations that I-10's lawyer represented to Lee that I-10 would pay Lee 50% of the income generated by the hotel as required by the 2010 judgment, when I-10 had no intention of doing so. I-10 argued that Lee's fraud claim was based on, related to, or in response to I-

10's exercise of free speech because it was based on communications made by I-10's lawyer, and a lawyer's services are an issue of public concern.

We affirm both the trial court's order creating the receivership and the order denying I-10's motion to dismiss Lee's fraud claim under the TCPA.

**Background**

*The 1999 lawsuit*

In 1999, Lee sued I-10 and Henry Wu, I-10's owner, seeking a declaration that Lee and I-10 each owned an undivided 50 percent interest in the hotel property. *See I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). I-10 and Lee each had held notes collateralized by the property that stated they were of "equal dignity." *See id.* at 471. When the debtor defaulted on the notes, I-10 foreclosed on the property, bought the property at the foreclosure sale, and claimed that doing so extinguished Lee's interest in the property. *See id.*

In 2010, after a jury trial, the trial court entered a declaratory judgment that Lee and I-10 each owned an undivided 50 percent interest in the property. *See id.* at 472. The trial court's judgment also awarded Lee $608,000 as his share of the income from the property through the date of the judgment. *See id.* The Fourteenth Court of Appeals modified the award of prejudgment interest but otherwise affirmed, and the Texas Supreme Court denied review. *See id.* at 480.

3

*The underlying lawsuit*

In February 2014, Lee sued I-10 for partition and fraud, alleging that 1-10 had fraudulently represented that it would treat Lee as a 50% owner as required by the 2010 judgment and wrongfully excluded Lee from the property and withheld his share of the income from the property since 2010. I-10 counterclaimed for partition and requested that the trial court appoint a receiver to sell the property. Later, Lee also moved for appointment of a receiver.

Although the parties agreed that a receiver should be appointed, they disagreed about the proper scope of the receiver's authority. Specifically, I-10 argued that the receiver should not have authority over the hotel's operations or employees.

The trial court held two oral hearings on the parties' requests for a receiver, at which Lee testified that I-10 had failed to provide any accounting of the hotel operations, had pledged the hotel as collateral without Lee's consent, had concealed information about the hotel, and had excluded Lee from the hotel. I-10 cross-examined Lee, but did not present any controverting evidence. After the hearings, the trial court entered an order appointing a receiver. The receivership order set forth the "objectives" of the receivership:

- Secure and inventory all assets of the hotel and ascertain the nature and extent of all assets and liabilities,

- Secure the assets and satisfy the liabilities of the hotel,

- Assess the assets and report to the trial court periodically on the status of the hotel,

- Manage and operate the hotel and maintain the assets during the receivership's tenure,

- Obtain an accounting and appraisal, and then oversee the marketing and sale of the hotel, and

- Perform all other matters as necessary to effectuate the "objectives" of the receivership.

I-10 then brought the first interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West 2015) (authorizing interlocutory appeal from order appointing receiver).

Four months later, the trial court entered an agreed "Order Modifying Order Appointing Receiver" authorizing the receiver to sell the hotel. It stated:

> After ascertaining all assets and liabilities of the Hotel and obtaining an appraisal of the Hotel, [the receiver] may hire the appropriate parties to seek to market and sell the Hotel or may use his reasonable discretion to negotiate and enter into a contract to sell the Hotel at a price higher than that of the appraisal without marketing same.

The order also provided that, "with regard to the sale of the Hotel, Court-Appointed Receiver may at his discretion enter into real estate sales contracts for the sale of the Property at a price Court-Appointed Receiver deems reasonable (and higher than the appraisal obtained for the Hotel)."

After the trial court appointed the receiver, I-10 moved to dismiss Lee's fraud claim under the TCPA. I-10 argued that Lee's fraud claim was based on its

exercise of the right of free speech because the claim was based on representations made by I-10's lawyer after the 2010 judgment, and the "subject" of the communications was its lawyer's services, a "matter of public concern" under the TCPA.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3) (West Supp. 2014) (exercise of the right of free speech means a communication made in connection with a matter of public concern), § 27.001(7)(E) (West Supp. 2014) (a "matter of public concern" includes an issue related to "a good, product, or service in the marketplace"); § 27.005(b) (West Supp. 2014) (trial court shall dismiss a legal action if movant shows by preponderance of the evidence that action is based on, relates to, or is in response to movant's exercise of the right of free speech).  The trial court denied the motion, and I-10 filed its second interlocutory appeal challenging that ruling.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West 2015) (authorizing interlocutory appeal from order denying motion to dismiss pursuant to TCPA).

## Receivership

I-10 contends that the trial court erred in (1) appointing a receiver and (2) giving the receiver authority over I-10 Colony, its personal property, and employees.  I-10 also contends that the receivership order is unconstitutional.

6

## A.    Standard of Review and Applicable Law

Under section 64.001 of the Texas Civil Practice and Remedies Code, a court may appoint a receiver "in an action between partners or others jointly owning or interested in any property . . . ." on the application of the plaintiff or any other party. TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(3), (b) (West 2008). The movant "must have a probable interest in or right to the property or fund, and the property or fund must be in danger of being lost, removed, or materially injured." *Id.* § 64.001(b).

We review a trial court's interlocutory order appointing a receiver for an abuse of discretion. *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Mueller v. Beamalloy, Inc.*, 994 S.W.2d 855, 858 (Tex. App.—Houston [1st Dist.] 1999, no pet); *Abella v. Knight Oil Tools*, 945 S.W.2d 847, 849 (Tex. App.—Houston [1st Dist.] 1997, no writ)). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Pickens v. Pickens*, 62 S.W.3d 212, 214 (Tex. App.—Dallas 2001, pet. denied). Under the abuse-of-discretion standard, the sufficiency of the evidence is a relevant factor in assessing whether the trial court abused its discretion. *Pickens*, 62 S.W.3d at 214. The trial court does not abuse its discretion when its decision is based on conflicting evidence and some evidence in

the record reasonably supports it. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Our review focuses on whether the pleadings and evidence are sufficient to justify a receivership. *Benefield*, 266 S.W.3d at 31 (citing *Covington Knox, Inc. v. State*, 577 S.W.2d 323, 325 (Tex. Civ. App.—Houston [14th Dist.] 1979, no pet.)).

## B.    Analysis

I-10 complains about the appointment of a receiver and argues that, even if the trial court did not err in appointing a receiver, it abused its discretion by conferring excessive authority upon him. Specifically, I-10 complains that the receiver should not exercise authority over the personal property, agents, or employees of I-10.

Under the invited error doctrine, "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested . . . ." *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005). Here, I-10 was the first party to move for appointment of a receiver over the property. In its original answer and counterclaim for partition, I-10 requested that the trial court "appoint a receiver for the purpose of selling the Property." A month after filing its counterclaim, I-10 gave notice that a hearing on its application for appointment of a receiver would be held in two weeks. Lee filed his own application for a receiver only after I-10 gave notice of the hearing on its own application. Moreover, after

I-10 appealed from the receivership order, it requested that the trial court enter the agreed "Order Modifying Order Appointing Receiver," which stated that the receiver would "ascertain[] all assets and liabilities" of the hotel and market and sell the hotel. Ascertaining all assets and liabilities of the hotel and marketing and selling the hotel necessarily requires the receiver to have authority over I-10's property and employees to the extent that they relate to the hotel operations.

The receivership order gave the receiver authority over I-10 and its property and employees only to the extent necessary for the proper management of the property and hotel during the pendency of the receivership. This was necessary in order for the receiver to achieve the objectives of the receivership—including the sale of the hotel—which was what I-10 asked for. To the extent that I-10 has commingled its separately-owned personal property with jointly-owned hotel assets, I-10 may not complain that the receivership order authorizes the receiver to exercise de facto control over I-10's separately-owned personal property.

We conclude that I-10 has waived its complaints, including its constitutional complaints, regarding the appointment of a receiver and the scope of the receiver's authority by requesting the appointment and agreeing to confer upon the receiver the authority about which it now complains. *See Tittizer*, 171 S.W.3d at 862 ("a party cannot complain on appeal that the trial court took a specific action that the complaining party requested . . . ."); *City of San Antonio v. Schautteet*, 706 S.W.2d

9

103, 104 (Tex. 1986) ("Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal."); *see, e.g.*, *Sentinel Integrity Sols., Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 919–20 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (invited error doctrine prevented party who agreed that trial court should enter order from complaining about order on appeal); *Keith v. Keith*, 221 S.W.3d 156, 164 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (party who asked trial court to take certain action could not complain on appeal that action was wrong).

We overrule I-10's three issues in appeal number 01-14-00465-CV.

## Motion to Dismiss under the TCPA

I-10 contends that the trial court erred in denying its motion to dismiss Lee's fraud claim under the TCPA because it showed by a preponderance of the evidence that the fraud claim is "based on, relate[s] to, or [is] in response to" I-10's exercise of the right of free speech, and Lee failed to establish by clear and specific evidence a prima facie case for each essential element of the claim.

### A. Standard of Review and Applicable Law

To obtain dismissal under the TCPA, a defendant must show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of the right of free speech; the right to petition; or

the right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). We review this determination de novo. *See Better Bus. Bur. of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

Under the TCPA, the exercise of the right of free speech "means a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3). A "matter of public concern," includes, among other things, "an issue related to a good, product, or service in the marketplace." *Id.* § 27.001(7)(E). If the movant meets its burden to show that a claim is covered by the TCPA, to avoid dismissal of that claim, a plaintiff must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

## B.  Analysis

We conclude that I-10 did not show that Lee's fraud claim is based on, relates to, or is in response to its exercise of its right of free speech so as to fall within the scope of the TCPA. Lee's fraud claim is based on allegations that I-10's lawyer fraudulently represented to Lee that I-10 would pay Lee 50% of the income from the hotel as required by the 2010 judgment, when I-10 had no intention of doing so. I-10 argues that, because these alleged representations were made by its

lawyer, the "subject" of the communications was its lawyer's services. According to I-10, because a lawyer's services are a "service in the marketplace," and therefore a "matter of public concern," the fraud claim is based on its exercise of the right of free speech. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3), (7)(E).

In the motion to dismiss and on appeal, I-10 relies upon *Avila v. Larrea*, 394 S.W.3d 646 (Tex. App.—Dallas 2012, pet. denied). In *Avila*, Larrea, a lawyer, sued Univision Television Group, Inc. and its reporter, Avila, for defamation based on reports concerning Larrea's former client's allegations regarding Larrea's work on the client's case. *Id.* at 658. The reporting included, among other things, the former client's wife's claim that Larrea did not visit the client in jail and did not utilize available conclusive evidence that would have caused the client's case to be dismissed. *Id.* Larrea also argued that the reporting "suggested" that he was responsible for his former client's "nightmare" experience, and misled viewers to believe that complaints forwarded to the State Bar of Texas confirmed professional misconduct. *Id.* The defendants moved to dismiss the case pursuant to the TCPA, and on appeal, the Dallas Court of Appeals held that the subject of the reporting was Larrea's legal services, which was "a matter of public concern" because Larrea's services constituted a "service in the marketplace." *Id.* at 655; TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3), (7)(E). Thus, the lawsuit was "based on,

12

relat[ed] to, or [was] in response to" the movants' exercise of the right to free speech, and was subject to the TCPA. *Avila*, 394 S.W.3d at 655; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b).

Here, by contrast, Lee's fraud claim is not based on communications *about* I-10's lawyer's services. Instead, Lee alleges that I-10's lawyer fraudulently represented that I-10 would comply with the 2010 judgment on a going-forward basis, when I-10 had no intention of doing so. Because the subject of this communication is not I-10's lawyer's services, the communication is not related to a "service in the marketplace," and the communication therefore was not one made in connection with a matter of public concern. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3) (exercise of the right of free speech "means a communication made in connection with a matter of public concern"), (7)(E) (matter of public concern includes "an issue related to a good, product, or service in the marketplace"); *cf. John Moore, Inc.*, 441 S.W.3d at 353 (Better Business Bureau's reviews and ratings of plaintiff company's services "related to" a matter of public concern because the subject of ratings and reviews was a good, product, or service in the marketplace); *Better Bus. Bur. of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 308 (Tex. App.—Dallas 2013, pet. denied) (same); *Avila*, 394 S.W.3d at 655 (communications about lawyer's handling of former client's case "related to" a matter of public concern because the subject of the communications was a

"service in the marketplace"—the lawyer's services).  Accordingly, we conclude that the trial court did not err in denying I-10's motion to dismiss Lee's fraud claim under the TCPA.

We overrule I-10's sole issue in appeal number 01-14-00718-CV.

## Conclusion

We affirm the trial court's receivership order and the order denying I-10's motion to dismiss Lee's fraud claim under the TCPA.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.