**AFFIRM; and Opinion Filed July 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00779-CV

### CAROL WALDRUP, APPELLANT
### V.
### KENNETH WALDRUP, APPELLEE

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-09062**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Francis, and Justice Thomas[1]
Opinion by Justice Thomas

This is an appeal from a final divorce decree that denied Wife's spousal maintenance claim. In four issues, Wife asserts the trial court erred in refusing to allow her to file a trial brief and present closing argument in support of her maintenance claim and in denying the claim. We disagree and accordingly affirm the decree.

## BACKGROUND

The parties were married in June 1998 and had no children together. They began living separately in 2006 but continued to share their incomes from their respective jobs until December 2009 when Wife was stricken with transverse myelitis and paralyzed from the waist down.

---

[1] The Honorable Linda Thomas, Chief Justice, Retired, sitting by assignment.

Although Wife's condition improved with treatment, she was unable to live on her own or continue working. She began living with her adult daughter and was declared disabled "under Medicare."

In April 2016, Wife filed for divorce, alleging the marriage had become "insupportable." Although she did not plead for spousal maintenance or seek temporary spousal support, she sought support in the amount of $1546 at trial.[2]

Husband did not dispute Wife was disabled but disagreed she was unable to provide for her needs. While living with her daughter, Wife's monthly retirement and disability income exceeded her monthly expenses by about $1400. However, Wife wanted to move from her daughter's house to Churchill Estates, an independent living facility where her own mother lived. A one-bedroom unit at Churchill Estates would increase her monthly living expenses to $3845 and would exceed her income by the $1546 she sought in maintenance. At the time of trial, Wife was sixty-two years old.

Although the trial court denied Wife's claim for spousal maintenance, the trial court awarded Wife, as she requested, a savings account with "a little over $5,000," her retirement and disability benefits, her car, and all personal property in her possession.[3] The trial court ordered the parties to pay the debt in their individual names and their own attorney's fees.

At Wife's request, the trial court filed findings of fact and conclusions of law. Relevant to the issues on appeal, the trial court found

•no evidence was presented that Wife would no longer be able to live at her daughter's house or of the likelihood she might not be able to live at her daughter's house in the future;

•Wife presented evidence that she would like to live at Churchill Estates and that the cost of living there would be $2950 per month;

•the only evidence Wife presented as to her current monthly expenses is that they total $895 and consist of $121 for supplemental medical insurance; $500 for

---

[2] Without objection, Wife presented evidence in support of her spousal maintenance claim.

[3] Evidence of the total value of the property awarded to Wife was not presented.

"miscellaneous;" $101 for car insurance; $60 for cell phone services; $72 for internet services; and $41 for life insurance;

•Wife offered evidence that she earned approximately $2,300 per month from her teacher retirement, which was awarded to her, and disability insurance;

•no evidence was presented as to whether Wife is eligible for or has applied for SSI or any other government disability;

•Wife currently has $5000 in savings;

•Wife does not lack the ability to provide for her minimum reasonable needs;

•as of the date of divorce, Wife had incurred about $5000 in attorney's fees, of which she had paid $3000.

Based on the findings, the trial court concluded Wife failed to show she met the requirements of sections 8.051(2)(A) and (B) of the Texas Family Code. Those sections allow for maintenance if the party seeking maintenance demonstrates he or she will lack sufficient property on dissolution of the marriage to provide for his or her minimum reasonable needs and either "is unable to earn sufficient income to provide for [his or her] minimum reasonable needs because of an incapacitating physical or mental disability" or "has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income to provide for [his or her] minimum reasonable needs." *See* TEX. FAM. CODE ANN. § 8.051(2)(A),(B) (West Supp. 2017).

## SPOUSAL MAINTENANCE

Wife's first three issues assert the trial court abused its discretion in failing to award spousal support. In arguing these issues, Wife does not challenge any of the trial court's findings as the trial court did not file its findings until after Wife had filed her opening and reply briefs.[4] However, her arguments address the trial court's finding that she is able to provide for her reasonable needs.

---

[4] The trial court's findings of fact and conclusions of law were filed in a supplemental clerk's record. Although notified that the supplemental clerk's record had been filed, Wife did not seek to amend or supplement her briefs.

Specifically, she contends the evidence that she was disabled, unable to work, and unable to support herself on the community property awarded to her was undisputed. She maintains that, in denying support, the trial court failed to properly "analyze" her disability and "relied upon judicial fiction and opinion to conclude" she can meet her needs without maintenance.

*Applicable Law and Standard of Review*

A trial court may, in its discretion, order maintenance if the party seeking maintenance satisfies the specific eligibility requirements under section 8.051 of the family code. *Slicker v. Slicker*, 464 S.W.3d 850, 859 (Tex. App.—Dallas 2015, no pet.). Although subsections 8.051(2)(A) and (B) have different requirements, both share the threshold requirement that the party show he or she will lack the ability on dissolution of the marriage to provide for his or her "minimum reasonable needs." *See* FAM. CODE. § 8.051. The family code does not define "minimum reasonable needs," but a court determines what the "minimum reasonable needs" are for a particular person on a case-by-case basis. *See Slicker*, 464 S.W.3d at 860.

In reviewing a trial court's exercise of its discretion, we do not substitute our discretion for that of the trial court but look to see if the trial court acted arbitrarily or unreasonably, without any reference to guiding rules and principles or supporting evidence. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). We consider whether the trial court had sufficient information upon which to exercise its discretion and erred in its application of that discretion. *See Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

In considering whether the trial court had sufficient information upon which to exercise its discretion, we review the trial court's findings for legal and factual sufficiency. *See id.*; *Pickens v. Pickens*, 62 S.W.3d 212, 214 (Tex. App.—Dallas 2001, pet. denied). Legally sufficient evidence exists to support a finding on an issue on which the complaining party bore the burden of proof at

–4–

trial if the evidence conclusively established the issue. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). Factually sufficient evidence exists so long as the finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).

In considering whether the trial court erred in its application of its discretion, we look to see if the trial court correctly analyzed and applied the law to the facts to reach its conclusions. *See Stamper*, 254 S.W.3d at 542; *Pickens*, 62 S.W.3d at 214.

*Discussion*

Although Wife argues the trial court failed to properly "analyze" her disability and "relied upon judicial fiction and opinion to conclude" she can meet her needs without maintenance, we need not address Wife's disability as we conclude Wife failed to satisfy the threshold requirement that she would lack sufficient property upon dissolution of the marriage to provide for her "minimum reasonable needs." The only evidence presented at trial as to that requirement was that she could provide for her needs. The evidence presented showed Wife's monthly retirement and disability income exceeded her monthly expenses by about $1400. No evidence was presented that, upon dissolution of the marriage, appellant's "minimum reasonable needs" would significantly increase or that she would lack sufficient property to continue to meet her needs. *See* FAM. CODE § 8.051. While Wife may have wanted to move from her daughter's house and her daughter had no obligation to have Wife living with her, Wife not only failed to present evidence that she would be unable to continue living with her daughter, as the trial court found, but she also failed to present evidence that the only living facility that could meet her needs was Churchill Estates and that the $2950 she would pay Churchill Estates was reasonable compared to other facilities offering the same services. On the record before us, we cannot conclude the trial court

abused its discretion in denying Wife spousal maintenance.  We decide Wife's first three issues against her.

In light of our disposition of Wife's first three issues, we need not address Wife's fourth issue complaining of the trial court's failure to allow her to file a trial brief and present closing argument in support of her spousal maintenance claim.  *See* TEX. R. APP. P. 47.1.

We affirm the trial court's decree of divorce.

/Linda Thomas/
LINDA THOMAS
JUSTICE, ASSIGNED

170779F.P05



## JUDGMENT

CAROL WALDRUP, Appellant

No. 05-17-00779-CV　　　V.

KENNETH WALDRUP, Appellee

On Appeal from the 255th Judicial District Court, Dallas County, Texas

Trial Court Cause No. DF-16-09062.
Opinion delivered by Justice Thomas, Chief Justice Wright and Justice Francis participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** appellee Kenneth Waldrup recover his costs of this appeal from appellant Carol Waldrup.

Judgment entered this 27th day of July, 2018.