Hunter Lee YARBROUGH, Appellant,

v.

Julia Walsh YARBROUGH, Appellee,

and

In the Interest of P.A.Y. and S.L.Y., Children.

No. 10–03–00046–CV.

Court of Appeals of Texas, Waco.

Nov. 3, 2004.

689

Sandy S. Gately, Gatesville, for appellant.

Nancy Anglin Yates, Hamilton, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

This appeal concerns the trial court's decree that Hunter Lee Yarbrough pay spousal maintenance to Julia Walsh Yarbrough for one year after their divorce and the amount of child support the court ordered Hunter to pay. Hunter contends in two points that the court abused its discretion: (1) by ordering spousal maintenance because Julia failed to present evidence (A) to overcome the statutory presumption against spousal maintenance, (B) that their daughter S.L.Y. requires special care which prevents Julia from obtaining a full-time job, and (C) of her "minimum reasonable needs"; and (2) by ordering child support from his net monthly resources in excess of $6,000 because Julia failed to present evidence of the children's needs. Because the record contains adequate information to support the court's decision to order spousal maintenance and to support the amounts of spousal maintenance and child support awarded, we will affirm.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ORDERING SPOUSAL MAINTENANCE

Hunter contends in his first point that the court abused its discretion by ordering him to make spousal maintenance payments for one year after the divorce because Julia failed to present evidence (1) to overcome the statutory presumption against spousal maintenance, (2) to show that S.L.Y. requires special care which prevents Julia from obtaining a full-time job, and (3) to show Julia's "minimum reasonable needs."

Julia responds that Hunter has not preserved this point for review because he failed to raise these arguments at trial. However, the essence of Hunter's complaint is that the court abused its discretion because Julia failed to present sufficient evidence to support the court's findings. When an appellant challenges the sufficiency of the evidence following a bench trial, no preservation is required.

*See* Tex.R.App. P. 33.1(d). We likewise believe that no preservation is required when an appellant contends that a trial court abused its discretion because the appellee presented insufficient evidence to support the court's exercise of discretion.

■ Because no findings of fact were requested or made, we must presume that the court made all findings necessary to support its judgment, and the judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (per curiam); *Treadway v. Shanks*, 110 S.W.3d 1, 5 (Tex.App.-Dallas 2000), *aff'd*, 110 S.W.3d 444 (Tex.2003).

■ We review an order for spousal maintenance under an abuse-of-discretion standard. *Limbaugh v. Limbaugh*, 71 S.W.3d 1, 12 (Tex.App.-Waco 2002, no pet.); *Pickens v. Pickens*, 62 S.W.3d 212, 214 (Tex.App.-Dallas 2001, pet. denied.). We do not conduct an independent review of findings of fact in such a case under traditional legal and factual sufficiency standards. *In re J.C.K.*, 143 S.W.3d 131, 135 (Tex.App.-Waco 2004, no pet.); *London v. London*, 94 S.W.3d 139, 143–44 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Rather, legal and factual sufficiency are factors which can be considered in determining whether an abuse of discretion has occurred. *J.C.K.*, 143 S.W.3d at 135; *London*, 94 S.W.3d at 143–44; *accord Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991).

### JULIA PRESENTED SUFFICIENT EVIDENCE THAT SHE EXERCISED DILIGENCE IN OBTAINING THE BEST JOB AVAILABLE UNDER THE CIRCUMSTANCES

■ There is a statutory presumption that spousal maintenance "is not warrant-ed." Tex. Fam.Code Ann. § 8.053 (Vernon Supp.2004). To overcome this presumption, Julia had to prove that she exercised diligence in seeking suitable employment. *Id.* § 8.053(a)(1).[1]

Resolution of this issue revolves primarily around S.L.Y.'s condition, known as Sturge–Weber Syndrome, and the curative impact of an operation S.L.Y. had in May 2002, about one month after Hunter filed for the divorce. This condition caused S.L.Y. to experience frequent seizures. It is undisputed that S.L.Y. required constant parental attention because of her condition before the operation. From the time of the operation until the divorce trial in January 2003, S.L.Y. experienced no seizures.

According to the temporary orders agreed to by the parties, the parties had possession of the children every other week. The Yarbroughs took S.L.Y. to Detroit for the operation in early May 2002 and spent most of the month there. From June through December 2002, they alternated possession of the children according to the temporary orders. Hunter worked at home during the weeks he had the children.

Julia testified that she was unable to locate a job that would enable her to work only every other week. The best job she could locate under the circumstances was as a bus attendant with the school district, which paid $50 per week. From this testimony, the court was within its discretion to conclude that Julia exercised diligence under the circumstances to find the best employment available. *Cf. Limbaugh*, 71 S.W.3d at 15 (spouse presented sufficient

---

1. Subdivision (a)(2) also provides that a spouse can overcome the presumption by showing the exercise of diligence in developing necessary job skills during the parties' separation and the pendency of the divorce. Tex. Fam.Code Ann. § 8.053(a)(2) (Vernon Supp.2004). However, Julia does not contend that she lacks adequate job skills.

evidence to overcome presumption against spousal maintenance with testimony that she was cleaning all available houses in the area).

## THE RECORD CONTAINS SUFFICIENT EVIDENCE THAT JULIA CANNOT PRESENTLY OBTAIN A FULL-TIME JOB BECAUSE S.L.Y. STILL REQUIRES SUBSTANTIAL CARE

■ Hunter contends that Julia failed to prove that S.L.Y. still "requires substantial care and personal supervision" because of her condition which prevents Julia from obtaining a full-time job. *See* TEX. FAM. CODE ANN. § 8.051(2)(B) (Vernon Supp. 2004). To support his assertion that S.L.Y. no longer requires the level of care which would prevent Julia from obtaining a full-time job, Hunter points to the fact that S.L.Y. has had no seizures since her operation and that they plan to reduce her medications over an unspecified period of time until at some point the medications may no longer be necessary.

S.L.Y.'s physician testified that S.L.Y. "seems to be" "functioning as well as she was before [the operation] or better." Julia testified that S.L.Y. requires one and one-half hours of therapy on a daily basis. The court ordered spousal maintenance for only twelve months. *See* TEX. FAM.CODE ANN. § 8.054(a)(2) (Vernon Supp.2004) (limiting duration of spousal maintenance order "to the shortest reasonable period"). From the testimony presented, the court was within its discretion to conclude that S.L.Y.'s level of improvement did not justify as abrupt a departure from the amount of personal care and attention Julia provid-

ed S.L.Y. as Hunter would prefer. Accordingly, we cannot say that the court abused its discretion in concluding that S.L.Y.'s condition prevented Julia from obtaining a full-time job.

## THE RECORD CONTAINS SUFFICIENT EVIDENCE OF JULIA'S "MINIMUM REASONABLE NEEDS"

■ Hunter contends that Julia failed to establish what are her "minimum reasonable needs." *See* TEX. FAM.CODE ANN. § 8.051(2). Section 8.052 provides several factors for a court to consider in determining "the nature, amount, duration, and manner of periodic payments" for an award of spousal maintenance. *Id.* § 8.052 (Vernon Supp.2004). The determination of a spouse's "minimum reasonable needs" is a "fact-specific determination" which must be made on a case-by-case basis. *Amos v. Amos,* 79 S.W.3d 747, 749 (Tex.App.-Corpus Christi 2002, no pet.); *Limbaugh,* 71 S.W.3d at 14.

Based on the court's division of the marital debts, it appears that the court relied on prior filings (particularly, an attachment to the agreed temporary orders and a contempt motion filed by Julia shortly before trial) to determine the amount of the parties' debts and their monthly living expenses.[2] *See* TEX.R. EVID. 201(c); *Dutton v. Dutton,* 18 S.W.3d 849, 856 (Tex. App.-Eastland 2000, pet. denied) (court can take judicial notice of its own records *sua sponte*). From the attachment and the court's division of the debts, it can be ascertained that Julia's monthly expenses, post-divorce, exceed $2,700.[3] This consti-

---

**2.** The attachment lists the parties' various debts and other monthly expenses for vehicles, housing, and utilities. The contempt motion alleges among other things that Hunter failed to comply with the requirement of the temporary orders that he make the monthly payments on certain of the parties' debts. Thus, the contempt motion contains updated information as to some of the balances then owed on these debts.

**3.** The court awarded Hunter the parties' residence in the divorce decree. We will nevertheless presume that the court found that Julia's expenses for housing and utilities would roughly equate what those expenses

tutes adequate evidence of Julia's "minimum reasonable needs."

Working every other week, Julia earns about $108 per month.[4] Thus, her monthly income is about $2,600 less than her monthly expenses. For these reasons, we cannot say that the court abused its discretion by awarding bi-monthly spousal maintenance payments of $664.50 to Julia for one year. Accordingly, we overrule Hunter's first point.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ORDERING CHILD SUPPORT PAYMENTS FROM HUNTER'S NET MONTHLY RESOURCES OVER $6,000

Hunter contends in his second point that the court abused its discretion by ordering child support in excess of the presumptive guidelines (for net monthly resources of $6,000 or less) without evidence that "the proven needs of the children" required such an increase.

Julia responds that Hunter has failed to preserve this issue because: (1) he failed to request findings under section 154.130 to give the court an opportunity to articulate the basis for the "variance"; and (2) he failed to challenge the "variance" by motion for new trial.

### THE FINDINGS REQUIRED BY SECTION 154.130 ARE NOT REQUIRED FOR CHILD SUPPORT ORDERED FROM NET MONTHLY RESOURCES EXCEEDING $6,000

■ It is undisputed that Hunter's net monthly resources exceed $6,000, and Hunter does not contend that that the court abused its discretion by requiring him to pay 25% of the first $6,000 of his net monthly resources ($1,500) consistent with the guidelines as support for the parties' two children. *See* TEX. FAM.CODE ANN. § 154.125 (Vernon 2002). His complaint goes to the amount of child support ordered in excess of this presumptive sum, which totals an additional $171 per month.

■ The award of child support from net monthly resources which exceed $6,000 is determined "[w]ithout further reference to the percentage recommended by [the] guidelines." *Id.* § 154.126(a) (Vernon 2002). Conversely, a court must make findings under section 154.130 when requested or when the child support award varies from the percentage guidelines. *Id.* § 154.130(a) (Vernon 2002). Because the percentage guidelines do not apply to net monthly resources exceeding $6,000, section 154.130 does not apply to child support awarded from those resources. *See Hatteberg v. Hatteberg,* 933 S.W.2d 522, 528–29 (Tex.App.-Houston [1st Dist.] 1994, no writ). Thus, Hunter did not fail to preserve this issue for review by failing to request findings under section 154.130.

### NO MOTION FOR NEW TRIAL WAS NECESSARY TO PRESERVE THIS COMPLAINT

Because Hunter's second point, likes his first, focuses on the sufficiency of the evidence to support the court's exercise of discretion, no motion for new trial was required to preserve this issue for review. *Cf.* TEX.R.APP. P. 33.1(d).

### THE LIST OF MONTHLY EXPENSES ATTACHED TO THE AGREED TEMPORARY ORDERS AND JULIA'S TESTIMONY CONSTITUTE SUFFICIENT EVIDENCE OF THE CHILDREN'S NEEDS

■ Section 154.126(b) provides the formula which a court must follow when

---

were before the divorce. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (per curiam); *Treadway v. Shanks,* 110 S.W.3d 1, 5 (Tex.App.-Dallas 2000), *aff'd,* 110 S.W.3d 444 (Tex.2003).

4. There are approximately 4.33 weeks in a month. (52 weeks divided by 12 months).

awarding child support from net monthly resources which exceed $6,000.

The proper calculation of a child support order that exceeds the presumptive amount established for the first $6,000 of the obligor's net resources requires that the entire amount of the presumptive award be subtracted from the proven total needs of the child. After the presumptive award is subtracted, the court shall allocate between the parties the responsibility to meet the additional needs of the child according to the circumstances of the parties. However, in no event may the obligor be required to pay more child support than the greater of the presumptive amount or the amount equal to 100 percent of the proven needs of the child.

TEX. FAM.CODE ANN. § 154.126(b) (Vernon 2002).

From the list of monthly expenses noted above, the trial court had before it sufficient information to determine that the needs of the children amounted to more than $1,600 if the court considered two-thirds of the monthly expenses for the Suburban, for housing, and for utilities to be the expenses of the children. *Cf. Nordstrom v. Nordstrom*, 965 S.W.2d 575, 579 (Tex.App.-Houston [1st Dist.] 1997, pet. denied). In addition, the list recites monthly school lunch expenses of $75. Julia testified that she has a $10 copayment for each prescription and that S.L.Y. currently requires five or six prescription medications, though she offered no testimony regarding the frequency with which these prescriptions must be refilled.

To be certain, the parties devoted little of their testimony and documentary evidence to proof of their expenses. Moreover, the court advised the parties at the conclusion of the trial that it would order Hunter to pay twenty-five percent of his net monthly resources as child support.

In so doing, the court made no differentiation regarding Hunter's net monthly resources exceeding $6,000.

Nevertheless, the court had sufficient information before it from which it could make a fair determination of the pertinent expenses. That information provides an adequate basis for the child support awarded. Accordingly, we cannot say that the court abused its discretion by awarding $171 of child support from Hunter's net monthly resources in excess of $6,000. *See Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex.1986) (per curiam); *Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc.*, 120 S.W.3d 878, 880–81 (Tex.App.-Fort Worth 2003, pet. denied) (both holding that judgment must be affirmed on any theory supported by the pleadings and evidence, even when the trial court states an incorrect legal basis for its judgment). Thus, we overrule Hunter's second point.

We affirm the judgment.

Chief Justice TOM GRAY concurring.

TOM GRAY, Chief Justice, concurring.

As in calculus, the Court can sometimes get the right answer because the mistakes made during the course of solving the problem cancel out each other. In school, that type of result is not credited as a correct answer.

There are two off-setting errors in the Court's opinion. First, the Court holds the issues were preserved. They were not. Second, the Court holds the trial court could have, sua sponte, considered information in documents in its file without telling anyone that it was going to base its decision on them. It cannot.

PRESERVATION

For purposes of this concurring opinion, I will assume that the standard of review

is abuse of discretion. The Court holds that a complaint that the trial court abused its discretion does not need to be preserved for review on appeal. Abuse of discretion is not one of the exceptions to the preservation requirement. *See* Tex. R.App. P. 33.1. This appeal should be resolved on the failure to preserve either issue.

### Reliance on List Not in Evidence

The Court does not hide its reliance on evidence not properly within the scope of review. In resolving both issues, the Court references documents in the Clerk's Record that the Court believes the trial court relied upon. In particular, the Court states, "... it appears that the trial court relied on prior filings (particularly, an attachment to the agreed temporary orders and a contempt motion filed by Julia shortly before trial)...." The citation is to the evidentiary rule on judicial notice. *See* Tex.R. Evid. 201(c). This should make every trial lawyer shudder. Under this holding, the trial court need not advise the party what document in the Clerk's Record, filed by whom or attached to what, the trial court is going to take judicial notice of, and rely upon, in resolving a disputed issue.

For the sake of completeness even in this summary concurring opinion, I note that the Court uses the same holding in resolving the second issue. The Court specifically states that "[f]rom the list of monthly expenses noted above, the trial court had before it sufficient information...." I think most trial attorneys will be aghast at the trial court's ability to consider something in making a determination without telling the parties it is taking judicial notice of it.

Finally, this type schedule does not contain the type information appropriate for judicial notice: It does not meet either criteria under Texas Rule of Evidence 201(b).

### Conclusion

But like the calculus student that got the right answer the wrong way, this Court's affirmation of the judgment is the correct answer. I, however, believe the proper route to get to that answer is by determining the issues on appeal were not preserved. Accordingly, I concur in the result but not in the rationale of the Court.