

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-09-00197-CV**

IN THE INTEREST OF D.B.,
A CHILD

------------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

----------

In a bench trial, both The Office of the Attorney General of Texas (the OAG), Appellant, and Tony B. (Father), Appellee, sought confirmation of the child support arrearage owed by Father. The trial court, who had heard evidence of multiple violations by Theresa C. (Mother) of its prior orders, announced in an April 7, 2009, letter ruling that

> [Mother] failed to disclose the amount of monies given to her for [D.B.] by the Social Security Administration due to Father's disability[,] making it impossible for the Court to correctly determine the amount of child support arrears. The Court therefore finds that Father owes Mother $0 as of September 11, 2008[,]

and signed a final order stating the same ruling more than a month later on May 11, 2009. The appellate record does not indicate that the OAG objected or otherwise complained about the trial court's ruling or order below. Mother did not appeal.

The OAG asks in its sole issue, "Did the evidence show as a matter of law that [Father] owes more than $0 in arrears?" But in its discussion of its sole issue, the OAG ultimately complains that "the trial court abused its discretion in finding that [Father] owed $0 in arrears on the grounds that it could not correctly determine the arrearage without [Mother] providing the exact amount of social security benefits paid to the child due to [Father's] disability."

The confirmation of child support arrearages is reviewed for an abuse of discretion.[1] Under the abuse of discretion standard, legal and factual sufficiency of the evidence are relevant factors to be considered,[2] but they are not independent grounds for asserting error.[3] Consequently, legal sufficiency, an issue which is excepted from the requirement of preservation in a bench trial,[4] is not an independent ground for asserting error in this case.

---

[1]*Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re M.K.R.*, 216 S.W.3d 58, 61 (Tex. App.—Fort Worth 2007, no pet.).

[2]*M.K.R.*, 216 S.W.3d at 61.

[3]*Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *In re J.D.D.*, 242 S.W.3d 916, 920 (Tex. App.—Dallas 2008, pet. denied).

[4]Tex. R. App. P. 33.1(d); Tex. R. Civ. P. 324(a)–(b).

To preserve a complaint for appellate review, including a complaint that the trial court abused its discretion,[5] a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.[6] Otherwise, the trial court has no chance to rule or correct its ruling on the issue.[7] If a party fails to present its complaint to the trial court, then error is not preserved, and the complaint is waived.[8]

---

[5]*See, e.g., Knight v. Knight*, 301 S.W.3d 723, 730 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that wife waived her complaints that the trial court abused its discretion regarding the valuation of her 401(k) and awarding no reimbursement to her separate estate because she failed to present complaints to the trial court); *In re A.B.P.*, 291 S.W.3d 91, 98 (Tex. App.—Dallas 2009, no pet.) (holding that father did not preserve his complaint that trial court abused its discretion by ordering him to pay mother sanction because father did not object to announcement of trial court's intended ruling at end of hearing or file a motion for new trial); *Harrison v. Harrison*, No. 09-06-00445-CV, 2007 WL 4991350, at *3 (Tex. App.—Beaumont Mar. 13, 2008, no pet.) (mem. op.) (holding husband failed to preserve complaints that trial court abused its discretion in dividing the estate regarding community debt and medical coverage for appellant); *see also Yarbrough v. Yarbrough*, 151 S.W.3d 687, 694 (Tex. App.—Waco 2004, no pet.) (Gray, C.J., concurring) ("Abuse of discretion is not one of the exceptions to the preservation requirement.") (citation omitted).

[6]Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1).

[7]*See Knight*, 301 S.W.3d at 730; *In re Marriage of Lendman*, 170 S.W.3d 894, 898 (Tex. App.—Texarkana 2005, no pet.); *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied), *cert. denied*, 543 U.S. 1051 (2005); *Byrnes v. Byrnes*, 19 S.W.3d 556, 561 (Tex. App.—Fort Worth 2000, no pet.).

[8]*Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

Because the appellate record does not show any request, objection, or motion presented by the OAG to the trial court regarding its initial letter ruling confirming the arrearage at $0 or its final order signed more than a month later, we hold that the OAG's complaint challenging the ruling is not preserved, overrule the OAG's sole issue, and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

WALKER, J. filed a dissenting opinion.

DELIVERED:  February 24, 2011

4



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00197-CV

---

IN THE INTEREST OF D.B., A
CHILD

----------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

----------

## DISSENTING OPINION

----------

I respectfully dissent.  In a bench trial, both Appellant The Office of the

Attorney General of Texas (The OAG) and Appellee Tony B. (Father) sought

confirmation of the child support arrearage owed by Father.[1]  After a final trial,

---

[1]The OAG claimed that the total arrearage owed by Father was $57,519.66; Father claimed that the total arrearage he owed, after he was credited for his social security disability payments that were made to D.B., was $36,859.52.

the trial court signed an order that "IT IS ORDERED that [Father] owes [Mother] $0 in child support arrears." The OAG perfected this appeal.

The OAG's sole issue is, "Did the evidence show as a matter of law that [Father] owes more than $0 in arrears?" The OAG's brief sets forth the standard of review that it urges this court to apply—abuse of discretion—and explains that "[a] trial court abuses its discretion as to factual matters when its decision on a factual issue is contrary to the only decision that it could reasonably have reached." In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; thus, legal and factual insufficiency are not independent reversible grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.); *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.). To determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion? *Boyd*, 131 S.W.3d at 610. Thus, The OAG's briefing squarely places before us the issue of whether the trial court abused its discretion (erred in its application of its discretion) by determining that Father owed $0 in arrears when the evidence showed as a matter of law that Father owed more than $0 in

2

arrears.  *See* Tex. R. App. P. 38.1(f) (stating that the statement of an issue will be treated as covering every subsidiary question that is fairly included).

The relief prayed for by The OAG on appeal is a new trial.  Contrary to the Majority Opinion's holding, a point in a motion for new trial is not a prerequisite to a complaint on appeal in either a jury or a nonjury case, except in limited circumstances that are not applicable here.  *See* Tex. R. Civ. P. 324(a), (b).  And in a nonjury case, a complaint regarding the sufficiency of the evidence may be made for the first time on appeal.  *See* Tex. R. App. P. 33.1(d).  Despite these procedural rules authorizing The OAG to seek a new trial based on an issue not raised in a motion for new trial and to raise a challenge to the sufficiency of the evidence for the first time on appeal, the Majority Opinion would require The OAG to make a "request, objection, or motion presented by [T]he OAG to the trial court regarding its initial letter ruling."  The Majority Opinion cites no on-point authority for the proposition that an objection to a trial court's informal letter ruling is a prerequisite to raise the issue presented by The OAG in this appeal.  The Majority Opinion likewise cites no on-point authority for the proposition that the general preservation rule controls over the specific rules exempting The OAG from raising its issue in a motion for new trial and authorizing The OAG to raise its complaint for the first time on appeal.  *Compare* Tex. R. App. P. 33.1(a), *with* Tex. R. Civ. P. 324 (a), (b), *and* Tex. R. App. P. 33.1(d).  I would hold that The

3

OAG's issue is properly before this court and would address the merits of The OAG's complaint.  Because the Majority Opinion does not, I am forced to dissent.

SUE WALKER
JUSTICE

DELIVERED:  February 24, 2011