

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00171-CV

SANDRA KAY DYER                                                    APPELLANT

V.

HALEY LEE DYER, JR.                                                  APPELLEE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In this divorce case, Appellant Sandra Kay Dyer ("Wife") appeals the trial court's decree granting Appellee Haley Lee Dyer, Jr.'s ("Husband") divorce petition. In one issue, Wife contends that the evidence is insufficient to support the trial court's decree granting the divorce. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. BACKGROUND

Husband filed for divorce on January 29, 2010. In his petition, Husband claimed that the marriage had "become insupportable because of discord or conflict of personalities between [Husband and Wife] that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation." On the same day that Husband filed for divorce, he also filed an application for a protective order, alleging that he feared for his safety because Wife had threatened him with bodily injury; that because of Wife's pain pill addiction, it was necessary for him to keep his medications locked in a safe; and that Wife had taken his medications, which were prescribed to treat pain associated with his terminal cancer. The application also stated that Wife "has a dominating personality when under the influence of narcotics" and that he was "fearful of her." The trial court granted the application for a protective order.

The trial court held the divorce hearing on May 13, 2010. At the time of the hearing, Husband was unavailable because he was hospitalized and in "the last stages" of terminal cancer.[2] Wife moved for a continuance, which the trial court denied. During the hearing, Husband's attorney called witnesses to testify regarding the marriage and division of property. Husband's first witness, Michael Walker, testified that he was Husband's attorney-in-fact, agent, and good friend, and that he possessed Husband's power of attorney. Over Wife's hearsay

---

[2]Appellee's brief states that Husband is now deceased. *See* Tex. R. App. P. 7.1(a)(1).

2

objection, Walker testified that Husband conveyed to him that because of the discord in the marriage, there was no chance of reconciliation and that Husband was concerned that if his divorce was not finalized before his impending death, his daughter and Wife would "quibble . . . in any kind of probate matter" related to division of property. Husband's second witness, Sally Powell, testified that she was Husband's friend and bookkeeper. Powell testified that she had personally seen Wife under the influence of something, that Wife had an ongoing problem with this, and that Powell had to call 9-1-1 on occasion because of it. Powell also testified, without objection, about Husband's wishes on how he wanted the property divided between himself and his wife as part of their divorce.

Husband also called Wife to testify. Wife testified that she was incarcerated at the time of the divorce hearing because she had "received a DUI and two of [Husband's] pills were found in [her] car, his cancer pills." Wife said that she received the DUI at a time when she was on parole after spending eleven months incarcerated for a previous prescription fraud charge. Wife stated that she had a prescription drug problem throughout her marriage to Husband. But Wife denied ever having taken Husband's pain pills. She also testified that although Husband routinely locked his pills in a safe, it was not because of her or her prescription drug habit. She admitted that she did not have the combination to the safe. And Wife testified that she did not want to get a divorce from Husband.

3

Husband also introduced thirty exhibits into the record. These exhibits included property values and evidence regarding whether property was of the marriage or separate property. Husband also introduced his answers to interrogatories. One of his answers to interrogatories states that he does "allege that [Wife] has physically and mentally abused me." The answer also stated that Wife "would take my prescription drugs for herself to further her drug habit. Then she would become verbally abusive to me. The abuse was ongoing and the dates too many to state. [Wife] has had counseling, rehab and other forms of treatment to no avail." At the end of the divorce hearing, the trial court granted the divorce. This appeal followed.

## III. DISCUSSION

In her sole issue, Wife contends that the evidence is insufficient to support dissolution of the marriage. Wife's argument is predicated on the trial court's allowing Walker, Husband's attorney-in-fact, to testify to statements made to him by Husband about discord in the marriage; thus, according to Wife, the trial court should have sustained her hearsay objection to Walker's testimony. Wife contends that without this testimony, there is insufficient evidence to support the trial court's decision to grant Husband's petition for divorce. Husband counters that the trial court did not abuse its discretion by allowing the testimony because the testimony specifically addresses Husband's marriage. *See* Tex. R. Evid. 804(b)(3)(A) (stating hearsay exception for unavailable witness allowing a "statement concerning the declarant's own birth, adoption, marriage, divorce,

4

legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history even though declarant had no means of acquiring personal knowledge of the matter stated"). Husband also argues that even without the complained-of testimony, there is sufficient evidence in the record to support the trial court's judgment.

We will assume without deciding that the trial court abused its discretion by allowing Walker's testimony over Wife's hearsay objection. *See State v. Hester*, 470 S.E.2d 25, 28 (N.C. 1996) (concluding that identical catch-all hearsay exception does not apply to events, activities, or emotional states occurring within family relationships; rather, the exception "merely allows testimony about the existence of a marriage or other personal relationship."); *see also City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995) ("A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.").

**A.    Standard of Review**

Whether evidence is sufficient to support a decree of divorce on grounds of insupportability is a matter within the trial court's discretion. *In re Marriage of Scott*, 117 S.W.3d 580, 582 (Tex. App.—Amarillo 2003, no pet.). When the standard of review on appeal is whether the trial court abused its discretion, legal and factual sufficiency questions are factors to consider in applying the standard, rather than independent grounds for review. *Yarbrough v. Yarbrough*, 151 S.W.3d 687, 690 (Tex. App.—Waco 2004, no pet.); *Walston v. Walston*, 971

5

S.W.2d 687, 691 (Tex. App.—Waco 1998, pet. denied). The mere fact that a trial judge decides a matter within his discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). As long as some evidence of a substantive and probative character exists to support the trial court's decision, there is no abuse of discretion. *Granger v. Granger*, 236 S.W.3d 852, 855–56 (Tex. App.—Tyler 2007, pet. denied).

Evidence is legally sufficient when it enables reasonable and fair-minded people to reach the trial court's judgment under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In evaluating the evidence's legal sufficiency, we credit evidence that reasonably supports the trial court's judgment and disregard contrary evidence unless a reasonable factfinder could not. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 827). In determining whether the evidence is factually sufficient to sustain a verdict, courts of appeals must weigh all the evidence, both for and against the finding. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

### B.    Insupportable Marriage

The insupportability ground of divorce is set out in section 6.001 of the family code. Tex. Fam. Code Ann. § 6.001 (West 2006). This ground, also known as a no-fault divorce, has three elements. *See Cusack v. Cusack*, 491

6

S.W.2d 714, 716 (Tex. Civ. App.—Corpus Christi 1973, writ dism'd) (discussing previous codification as section 3.01 of the former family code). They are (1) that the marriage has become insupportable because of discord or conflict, (2) that discord or conflict destroys the legitimate ends of the marriage, and (3) that there is no reasonable expectation of reconciliation. Tex. Fam. Code Ann. § 6.001. The party petitioning for a divorce on these grounds has a duty to establish the statutory elements with adequate evidence. *In re Marriage of Richards*, 991 S.W.2d 32, 37 (Tex. App.—Amarillo 1999, pet. dism'd).

For example, the Dallas Court of Appeals, in reviewing the denial of a temporary injunction, held that a wife's testimony that her marriage was irreparable due to discord and a conflict of personalities between her and her husband, together with her testimony that there was no chance for reconciliation, established a prima facie case for a no-fault divorce under section 6.001. *In re Marriage of Beach*, 97 S.W.3d 706, 708 (Tex. App.—Dallas 2003, no pet.).

Here, Wife asserts that without Walker's testimony about Husband's desire for a divorce, the remaining evidence does not create a record that reveals sufficient facts upon which the trial court could have rationally exercised its discretion. *See Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 938 (Tex. App.—Austin 1987, no writ) (discussing extensively the abuse of discretion standard). But in this case, even assuming the alleged hearsay evidence should not have been considered, the trial court had sufficient evidence upon which it

could have concluded that the three elements of the grounds for divorce based on insupportability were met.

The remaining record contains evidence of Wife's drug habits and of her having stolen prescription drugs intended to ease the pain of Husband's terminal cancer. There was evidence that Wife's drug habits spanned the marriage, that Wife was abusive to Husband, and that Husband locked his pain medications in a safe in an effort to keep her from stealing them. The record reveals that after filing for divorce, Husband sought and acquired a protective order against Wife. The only evidence contrary to Husband's petition for divorce was Wife's testimony that she never took Husband's pain medications and that she did not want a divorce. But, as the trier of fact, the court was in a position to observe the demeanor of Wife and assess the weight that should be given her testimony. *See Warchol v. Warchol*, 853 S.W.2d 165, 167–68 (Tex. App.—Beaumont 1993, no writ) ("[T]he trial court is in the best position to observe the demeanor and personalities of the witnesses and can 'feel' the forces, powers and influences that cannot be discerned by merely reading the record."). Based on this record, we cannot say that the trial court abused its discretion by granting Husband's request for a divorce. *See Cusack*, 491 S.W.2d at 717. We overrule Wife's sole issue.

8

## IV. Conclusion

Having overruled Wife's sole issue, we affirm the trial court's decree.


BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  June 30, 2011