

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00007-CV

## IN THE MATTER OF THE MARRIAGE OF
## FRANK L. FRANKLIN
## AND
## CHONG H. FRANKLIN

_____

**From the County Court at Law
Hill County, Texas
Trial Court No. 49,765**

## MEMORANDUM OPINION

Frank Franklin appeals from a final decree of divorce that awarded Chong Franklin spousal maintenance and required him to maintain her as his beneficiary on his survivor benefit plan (SBP). Frank complains that the trial court abused its discretion in awarding maintenance, in the calculation of the amount of maintenance, by including the SBP provisions, and by refusing to enter findings of fact and conclusions of law. Because we find that the trial court abused its discretion in its calculation of the amount of spousal maintenance to be awarded, we reverse the judgment of the trial court awarding $565.00 per month in spousal maintenance to

Chong, remand that issue to the trial court for a new trial, and otherwise affirm the judgment of the trial court.

Frank and Chong Franklin were married in Korea in 1977 and separated when Frank left their residence in El Paso in 1997. Frank retired from the military and was receiving VA Disability payments in lieu of military retirement. Frank was also receiving combat-related special compensation (CRSC) and social security. Chong was living with their daughter at the time of the final hearing and was unemployed but was receiving social security. The divorce decree awarded Frank the vast majority of the community property, all of which Frank had acquired since the parties' separation. Frank had been paying Chong support during the period of separation.

Because the trial court's purported refusal to enter findings of fact and conclusions of law must be decided in order to properly address Frank's other issues, we will address that issue first.

*Findings of Fact and Conclusions of Law*

In his fourth issue, Frank complains that the trial court erred in refusing to make findings of fact and conclusions of law. Chong responds that Frank did not preserve this complaint because Frank did not file a reminder pursuant to rule 297 of the rules of civil procedure after the trial court failed to issue any findings of fact or conclusions of law. *See* TEX. R. CIV. P. 297. We agree with Chong. *See Averyt v. Grande, Inc.*, 717 S.W.2d 891, 895 (Tex. 1986) (holding that because reminder not filed, as required by Texas Rule

of Civil Procedure 297, appellant waived argument regarding failure to file findings of fact and conclusions of law).  Issue four is overruled.

*Spousal Maintenance*

In his first issue, Frank complains that the trial court abused its discretion in its calculation of spousal maintenance by including his VA Disability and/or Social Security income in determining his net resources.  In his second issue, Frank complains that the trial court abused its discretion by awarding maintenance to Chong at all because she did not rebut the presumption that maintenance was not warranted by the evidence presented at trial.  Because the issue of whether the trial court abused its discretion in awarding maintenance in any amount would be potentially dispositive of the amount of maintenance awarded, we will address Frank's second issue before his first issue.

*Standard of Review*

We review the trial court's decision to award spousal maintenance under an abuse of discretion standard.  *Yarbrough v. Yarbrough*, 151 S.W.3d 687, 690 (Tex. App.— Waco 2004, no pet.).  Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion.  *Brooks v. Brooks*, 257 S.W.3d 418, 425 (Tex. App.—Fort Worth 2008, pet. denied).  If there is some evidence of a substantive and probative character to support the trial court's decision or

if reasonable minds could differ as to the result, then the trial court does not abuse its discretion. *In re Marriage of McFarland*, 176 S.W.3d 650, 656 (Tex. App.—Texarkana 2005, no pet.).

Because Frank did not comply with rule 279 regarding late findings of fact and conclusions of law, we will presume the court made findings necessary to support its judgment. *See Yarbrough*, 151 S.W.3d at 690. Further, the judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *Id*.

*Eligibility for Spousal Maintenance*

The trial court may exercise its discretion to award spousal maintenance only if the party seeking maintenance meets specific eligibility requirements. *See* TEX. FAM. CODE ANN. § 8.051 (West Supp. 2013). When a divorce is sought in a marriage lasting ten years or more, a spouse is eligible to seek spousal maintenance if the spouse lacks sufficient property to meet minimum reasonable needs and cannot support himself or herself due to (1) an incapacitating physical or mental disability, (2) the lack of adequate earning ability in a marriage lasting ten years or longer, or (3) a child in the home with a disability requiring substantial care and supervision. *Id*. § 8.051(2). There is a rebuttable presumption that maintenance is not warranted unless the spouse has been diligent in seeking suitable employment or is developing skills necessary to become able to provide for that spouse's minimum reasonable needs during the period of separation and while the divorce was pending. *Id*. § 8.053. This presumption only

applies to situations where the spouse lacks adequate earning ability and does not apply to a spouse unable to seek employment due to an incapacitating physical or mental disability. *Id*. § 8.053(a).

The evidence before the trial court was that Chong was 65 years old at the time of the final hearing and suffered from hypothyroidism which caused her to be continually tired and required her to take several naps throughout the day even though she took medication. Further, Chong suffered from acid reflux, which required dietary restrictions and additional medication. Chong did not read or write English well but had been studying English with her daughter. Additionally, Chong and her daughter testified that Chong had severe memory problems which inhibited her ability to learn English, caused her to get lost repeatedly to the degree that Chong's daughter and son-in-law would have to try to find her. Chong drove herself to church several times a week but otherwise Chong's daughter drove her mostly because of her memory problems. Chong's daughter further testified that, as an example, her mother could not remember how to get to their hotel room where they were staying even though they had come and gone from the room approximately ten times.

Chong had been employed as a seamstress at a factory from 1997 to 2006 earning minimum wage but had been laid off from that job. Chong had not been employed since that time and felt that she was unemployable because she was too old, had no

skills, was continually tired, and could not learn to read and write English because of her memory problems.

Frank does not contend that Chong was unable to meet her minimum reasonable needs. Based on the evidence before the trial court and using the appropriate standards, we do not find that the trial court's decision to award maintenance was outside of the zone of reasonable disagreement. We overrule issue two.

*Calculation of Spousal Maintenance*

Frank complains that the trial court abused its discretion in ordering him to pay $565.00 per month in spousal maintenance to Chong because that amount exceeded 20 percent of his average gross monthly income. TEX. FAM. CODE ANN. § 8.055(a)(2). At the time of trial, Frank's income consisted of $3,023.00 in VA disability, $1,450.00 in CRSC, and $1,261.50 in social security benefits. Chong contends that there was no evidence other than Frank's answer to a question propounded by his counsel that the $3,023 was "Department of Veteran's Affairs service-connected disability compensation." *See* TEX. FAM. CODE ANN. § 8.055(a-1)(2)(F). We disagree. Two exhibits were offered into evidence which demonstrate that the $3,023 was disability compensation from the Department of Veteran's Affairs. Additionally, Frank testified that he had a combat-related disability and VA disability. As such, it was not properly included in Frank's gross monthly income. Additionally, the social security benefits are likewise excluded. TEX. FAM. CODE ANN. § 8.055(a-1)(2)(G). Frank's gross monthly

income was $1,450 per month with the exclusion of those two sources of income. Twenty percent of $1,450 is $290.00, which would be the maximum amount allowed by statute. TEX. FAM. CODE ANN. § 8.055(a)(2). We sustain issue one. Because the amount of maintenance awarded by the trial court is discretionary within the statutory limits, we will reverse the judgment of the trial court relating to the amount of spousal support awarded and remand for a new trial on the amount of spousal maintenance to be awarded to Chong. *See Deltuva v. Deltuva*, 113 S.W.3d 882, 889 (Tex. App.—Dallas 2003, no pet.).

*Inclusion of Additional Terms in Decree*

In his third issue, Frank complains that the trial court abused its discretion by entering a final decree of divorce that contained provisions requiring him to maintain Chong as the beneficiary on his survivor benefit plan from his military service because a letter sent to the parties reflecting the trial court's ruling on the division of property and award of spousal maintenance did not reference the benefits. The trial court took his decision under advisement after the final hearing and sent the parties a letter that was to "serve as the decision on the merits of the case." Counsel for Chong was ordered to prepare an order consistent with the ruling in the letter.

We initially note that generally, letters to counsel do not constitute a judgment or order from which an appeal may be taken. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398-99 (Tex. 1982) (per curiam). When a trial court calls on counsel to submit an order

reflecting a ruling in a letter to the parties, it manifests its intent that the letter ruling is not a final appealable order. *Id* at 398. The trial court's statement to Chong's counsel to prepare the final order demonstrates that the trial court did not intend for the letter to constitute an order. *See Goff*, 627 S.W.2d at 398.

Frank has provided no authority to support his claim that the trial court was without jurisdiction or otherwise legally unable to enter the divorce decree as written. We note that the trial court has the authority to modify or alter its judgment prior to the entry of judgment or until its plenary power expires.

A hearing was set for the entry of the order and the trial court signed the judgment that day. The record does not reflect whether or not Frank appeared at the hearing or even whether a formal hearing was conducted. However, the motion to sign the attached final decree included the setting notice and also contained a certificate of service that demonstrated that Frank's trial counsel was served with the motion and copy of the proposed decree which was ultimately signed by the trial court. Frank does not complain that he did not have notice of the hearing or of the substance of the proposed final decree of divorce prior to its entry. Because Frank has not argued or shown that the trial court's inclusion of additional terms was an abuse of discretion or otherwise erroneous, we overrule issue three.

*Conclusion*

Having found that the trial court abused its discretion in its calculation of the amount of spousal maintenance to be awarded, we reverse the judgment of the trial court relating to the amount of spousal maintenance and remand this proceeding to the trial court for a new trial on the amount of spousal support to be awarded. Having found no additional error, we affirm the judgment of the trial court in all other respects.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded in part, affirmed in part
Opinion delivered and filed August 29, 2013
[CV06]